NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIVINE ZION | No. 22cr527 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

On May 30, 2024,[1] this Court held a status conference, *Faretta* hearing, and *Frye* hearing; permitted Defendant Divine Zion to proceed *pro se*; relieved defense counsel Jerome A. Ballarotto as counsel; and agreed to appoint new counsel to serve in a standby counsel role at trial. This order clarifies and supplements the record and sets additional pre-trial deadlines. To the extent that any portion of this order conflicts with what was stated on the record, this Order controls.

I.   COUNSEL

First, for the reasons set forth on the record, Mr. Ballarotto is relieved as defense counsel. Laura K. Gasiorowski is appointed as standby counsel. D.E. 54. The Court emphasizes and clarifies Ms. Gasiorowski's extremely limited role as standby counsel. A court "may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975). That is the narrow role to which the Court has appointed Ms. Gasiorowski.

"A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure." *McKaskle v. Wiggins*, 465 U.S. 168, 183-84 (1984). "Nor

---

[1] All references to the "record," for the purposes of this Order, reference the May 30, 2024 status conference, *Faretta* hearing, and *Frye* hearing.

does the Constitution require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." *Id.* at 184. Additionally, a court "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46. The Court will not hesitate to terminate Defendant's self-representation, and/or—upon proper notice—remove Defendant from the courtroom or impose other sanctions for serious breaches of procedure or decorum. *See Illinois v. Allen*, 397 U.S. 337, 343-44 (1970) (holding that judges may remove disruptive defendants from courtrooms).

This stands in contrast to hybrid representation, which the Court will not permit. One such example occurred in *Wiggins*, where the defendant was permitted to seek the assistance of counsel with respect to "basic [trial] mechanics" such as "informing the court of the whereabouts of witnesses, supplying Wiggins with a form needed to elect to go to the jury at the punishment phase of trial, explaining to Wiggins that he should not argue his case while questioning a witness, and so on." *Wiggins*, 465 U.S. at 184. For example, when "Wiggins attempted to introduce a document into evidence, but failed to mark it for identification or to lay a predicate for its introduction, counsel, at the trial court's suggestion, questioned the witness to lay an appropriate predicate, and Wiggins then resumed his examination." *Id.* "Similarly, the trial judge repeatedly instructed Wiggins to consult with counsel, not with the court, regarding the appropriate procedure for summoning witnesses." *Id.*

However, there is no constitutional right to "hybrid" counsel. *Id.* at 183-84. Indeed, "[t]he cases reiterating the principle that courts are not required to allow defendants to split the responsibilities of representation with an attorney are myriad." *United States v. Singleton*, 107 F.3d 1091, 1100 n.7 (4th Cir. 1997). Hybrid counsel is "disfavored since it allows a defendant

2

to address the jury, in his capacity as counsel, without being cross-examined, in his capacity as a defendant." *United States v. Oakey*, 853 F.2d 551, 553 (7th Cir. 1988).

Accordingly, Ms. Gasiorowski's role will be limited here to standby counsel, *i.e.*, she shall be entitled to all pre-trial discovery materials, and shall be prepared to take over the defense if necessary, but shall otherwise serve no direct role at trial unless the Court directs.

## II.   CONCLUSION AND ORDER

For the reasons above, and for the reasons set forth on the record, it is **ORDERED** as follows:

1. Mr. Ballarotto is relieved as defense counsel;
2. Ms. Gasiorowski is appointed as standby counsel;
3. Jury selection shall commence on **October 21, 2024** at 10:00 A.M. Trial shall commence immediately following jury selection;
4. The parties shall appear for a Final Pretrial Housekeeping Conference on **October 15, 2024** at 2:00 PM in Newark - Courtroom 4C before Judge Evelyn Padin;
5. The parties shall submit a proposed pretrial scheduling order by **July 1, 2024**, in accordance with the following deadlines:
   a. All motions *in limine* may be filed 60 days before the commencement of trial; responses to such motions may be filed within 14 days thereafter; and replies, if any, may be filed within 7 days thereafter;
   b. The parties shall, where practicable, submit to chambers on a USB drive (in Word format) and provide two hard copies (three-hole punched, in binders) the following joint submissions no later than 21 days before the commencement of trial:

3

      i. Proposed jury instructions, including proposed neutral statement of the case;
     ii. Proposed *voir dire* questions;
    iii. Proposed jury verdict sheet;
    iv. Exhibit lists;
     v. Attorney and witness lists;
    vi. A list of any other trial issues, excluding the issues addressed in the motions *in limine*.

c. The parties shall propose all additional deadlines in their proposed pretrial scheduling order, including but not limited to *Giglio* material; Jencks Act material; written summaries of any testimony to be introduced; and Rule 404(b) evidence.

June 5, 2024

                                                               Evelyn Padin, U.S.D.J.