<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DIVINE ZION | No. 22cr527 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

  An indictment charged *pro se* Defendant Divine Zion with possession of a firearm by a felon. D.E. 1. On October 8, 2024, Defendant pled guilty pursuant to a plea agreement. D.E. 84. Defendant's sentencing is currently set for April 2, 2025. D.E. 82. After requesting that his plea be withdrawn, D.E.s 87, 93-94 ("Plea Motion"), the Court granted Defendant's former standby counsel Laura K. Gasiorowski's motion to withdraw as standby counsel, D.E. 95, in large part due to the ineffective assistance of counsel arguments Defendant made in the Plea Motion, which the Court denied. D.E. 98 ("Plea Opinion"). Defendant, who throughout the course of this criminal matter has steadfastly reiterated his desire to proceed *pro se*, now requests new standby counsel to assist him with the presentence report and sentencing process. D.E. 105. The Government does not oppose appointment of standby counsel, but expresses its concern with Defendant's mercurial positions with respect to representation. D.E. 112.

  The Court briefly summarizes the background of Defendant's counsel-related issues in this case. After Defendant requested to proceed *pro se*, the Court held a thorough *Faretta* hearing on May 30, 2024. He was repeatedly informed about the risks of proceeding without counsel, the benefits of representation, and the general responsibilities that came with proceeding *pro se*. Plea Opinion at 2. The Court discussed the potential appointment of standby counsel after Defendant insisted on proceeding *pro se*. *Id.*

On June 4, 2024, Laura K. Gasiorowski was appointed standby counsel for *pro se* Defendant. D.E. 54. On October 8, 2024, Defendant entered a plea of guilty pursuant to a plea agreement. D.E. 84. Beginning on December 19, 2024, Defendant sought to withdraw his guilty plea. Plea Motion. In part, Defendant argued that he was "not fully informed of the pretrial jail credits that was not inserted into the actual plea agreement, and if a stand by counsel was being effective they would have felt the need to consider or at least inquire about these credits." D.E. 94 at 3.

As the Court explained in its Plea Opinion, "a defendant proceeding *pro se* waives potential claims of ineffective assistance of counsel against himself or his nonexistent counsel." *United States v. Fields*, Crim. No. 15-129, 2024 WL 1555932, at *29 (E.D. Pa. Apr. 10, 2024). While the Court will grant Defendant's request, this will be the last time. Defendant insisted on proceeding *pro se* and then made dubious ineffective assistance of counsel claims against his former standby counsel. He is reminded again that he has no constitutional right to standby counsel. *United States v. Tilley*, 326 F. App'x 96, 96 (3d Cir. 2009).

Accordingly, for the reasons above, it is,

**ORDERED** that the Court will **APPOINT** Defendant standby counsel; and it is further

**ORDERED** that absent extraordinary circumstances, the Court will not entertain further requests should Defendant again sever his relationship with new standby counsel; and it is finally

**ORDERED** that Defendant shall appear for sentencing on April 2, 2025.

February 28, 2025

_____
Evelyn Padin, U.S.D.J.